UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MATTHEW R. MAYER,

                   Plaintiff,

v.                                                            1:18-CV-0062
                                                               (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                   Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>6000 North Bailey Ave, Ste. 1A<br>Amherst, NY 14226 | BRANDI SMITH, ESQ.<br>KENNETH HILLER, ESQ.<br>JUSTIN JONES, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | DENNIS CANNING, ESQ.<br>FRANCIS TANKARD, ESQ.<br>HASEEB FATMI, ESQ.<br>JASON PECK, ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented, in accordance with a Standing Order, to proceed before the undersigned. (Dkt. No. 20.) The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied and the Commissioner's motion is granted.

**I.     RELEVANT BACKGROUND**

**A.     Factual Background**

Plaintiff was born in 1984.  (T. 70.)  He completed high school.  (T. 80.)  Generally, Plaintiff's alleged disability consists of anxiety, depression, post-traumatic stress disorder ("PTSD"), and a back injury.  (T. 202.)  His alleged disability onset date is August 26, 2012.  (T. 52.)  Plaintiff's past relevant work consists of construction laborer and grocery clerk.  (T. 63.)

**B.     Procedural History**

On January 6, 2014, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  (T. 118.)  Plaintiff's applications were initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ").  On May 12, 2016, Plaintiff appeared before the ALJ, Paul F. Kelly.  (T. 44-69.)  On August 5, 2016, ALJ Kelly issued a written decision finding Plaintiff not disabled under the Social Security Act.  (T. 14-29.)  On November 14, 2017, the Appeals Council ("AC") denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.  (T. 1-6.)  Thereafter, Plaintiff timely sought judicial review in this Court.

**C.     The ALJ's Decision**

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 19-25.)  First, the ALJ found Plaintiff met the insured status requirements through September 30, 2014 and Plaintiff had not engaged in substantial gainful activity since August 26, 2012.  (T. 19.)  Second, the ALJ found Plaintiff had the severe impairments of depressive disorder, generalized anxiety disorder, and degenerative disc disease of the lumbar spine.  (*Id.*)  Third, the ALJ found Plaintiff did

2

not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 20.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to:

> lift up to twenty pounds occasionally, lift and carry up to ten pounds frequently, stand and walk for about six hours, and sit for up to six hours in an eight-hour workday with normal breaks.  Additionally, [Plaintiff] is limited to simple routine tasks in a work environment free of fast paced production requirements, involving only simple work-related decisions, with few, if any, workplace changes and having no more than occasional interaction with the public

(T. 21.)[1]  Fifth, the ALJ determined Plaintiff was unable to perform any past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 24.)

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes two separate arguments in support of his motion for judgment on the pleadings.  First, Plaintiff argues remand is warranted because the ALJ did not reconcile Thomas Small, M.D.'s opinion with his RFC.  (Dkt. No. 12 at 16-19.)  Second, and lastly, Plaintiff argues remand is warranted because the ALJ did not conduct a proper treating source analysis or provide good reasons in his assessment of Dr. Small's opinion.  (*Id*. at 20-27.)  Plaintiff also filed a reply in which he reiterated his original arguments.  (Dkt. No. 19.)

---

[1] The ALJ essentially limited Plaintiff to light work with additional mental limitations.  Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. §§  404.1567(b), 416.967(b).

### B. Defendant's Arguments

In response, Defendant makes one argument. Defendant argues the ALJ properly considered Dr. Small's assessment and gave good reasons for according it only some weight. (Dkt. No. 18 at 26-31.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

5

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV. ANALYSIS

The opinion of a treating source will be given controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2)[2]; *see Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015).

The following factors must be considered by the ALJ when deciding how much weight the opinion should receive, even if the treating source is not given controlling weight: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist." 20 C.F.R. §§ 404.1527(c)(2)(i)-(iv), 416.927(c)(2)(i)-(iv).

The ALJ is required to set forth his reasons for the weight he assigns to the treating physician's opinion. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c), *see also* SSR 96-2p, 1996 WL 374188 (July 2, 1996); *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) (quoting *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir.1998)). However, where an ALJ's reasoning and adherence to the regulations is clear, she is not required to explicitly go through each and every factor of the Regulation. *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (plaintiff challenged ALJ's failure to review explicitly each factor provided for in 20 C.F.R. § 404.1527(c), the Court held that "no such slavish

---

[2] Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs"). Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

6

recitation of each and every factor [was required] where the ALJ's reasoning and adherence to the regulation [was] clear").

Plaintiff's treating medical physician, Dr. Small, completed a employment assessment form on January 23, 2015. (T. 666-667.) Dr. Small began treating Plaintiff in August of 2012. (T. 667.) The doctor listed Plaintiff's medical conditions as PTSD, opiate dependence, nicotine dependence, and depression (major/moderate). (T. 666.) Dr. Small indicated Plaintiff was "moderately limited" in his ability to: stand, sit, lift, carry, push, pull, bend, and use hands due to a car accident in 1999. (T. 667.) Dr. Small provided no opinion regarding Plaintiff's ability to walk, see, hear, speak, or climb. (*Id*.) Dr. Small indicated Plaintiff was "moderately limited" in his ability to: understand and remember instructions, carry out instructions, maintain attention/concentration, make simple decisions, interact appropriately with others, maintain socially appropriate behavior without exhibiting behavior extremes, and function in a work setting at a consistent pace. (*Id*.) Dr. Small indicated Plaintiff had no limitations in maintaining basic standards of personal hygiene and grooming. (*Id*.) The form did not define the term "moderate." (*Id*.) Dr. Small was asked to chose between "no evidence of limitations, moderately limited, and very limited." (*Id*.)

The record also contains consultative examinations and medical source opinions. On March 14, 2014, Hongbiao Liu, M.D. conducted an examination and opined Plaintiff had "mild to moderate limitations for prolonged walking, bending, and kneeling." (T. 650.) On that date Janine Ippolito, Psy.D. also performed an exam and provided an opinion. (T. 656.) Dr. Ippolito opined Plaintiff was able to follow and understand simple directions and instructions, perform simple tasks independently, maintain attention and

concentration, maintain a regular schedule, learn new tasks, perform complex tasks independently, and make appropriate decisions with no evidence of limitations. (*Id*.) She opined Plaintiff could relate adequately with others and appropriately deal with stress with moderate limitations. (*Id*.) She stated Plaintiff's limitations were "due to his current emotional distress and fatigue." (*Id*.) Non-examining Stage agency medical examiner, Dr. Hoffman, reviewed Plaintiff's record and opined Plaintiff had no more than moderate restrictions and could essentially perform unskilled work. (T. 99-100.)

The ALJ afforded Dr. Small's 2015 opinion "some weight." (T. 22.) The ALJ reasoned there was "no underlying medical evidence" to support Dr. Small's assessments. (*Id*.) The ALJ specifically noted, contrary to Dr. Small's opinion, Plaintiff asserted he had no problems using his hands and Dr. Liu found no limitations in use of hands. (*Id*.) Regarding Dr. Small's mental limitations, the ALJ stated "the mental functioning checklist filled out by Dr. Small, which indicates moderate limits, is somewhat supported by the underlying treatment notes, however mental status notes support a finding of moderate limits at most." (*Id*.) The ALJ noted mental status examinations which were generally benign. (*Id*.) The ALJ stated "physical limitations [light exertional] and mental limitations [low stress work and limited social functioning] have been incorporated into the adopted RFC here." (*Id*.) The ALJ afforded the opinions of Drs. Ippolito and Hoffman "significant probative weight." (T. 23.)

Plaintiff asserts the ALJ failed to apply the treating physician rule in his assessment of Dr. Small's opinion on many grounds. Plaintiff asserts the ALJ failed to provide good reason for affording the opinion less than controlling weight because the ALJ's explanation was vague and confusing. (Dkt. No. 12 at 20.) Plaintiff asserts the

ALJ erred in relying on Dr. Small's treatment notations to undermine the opinion because a large portion of treatment notes were handwritten and illegible. (*Id*. at 21.) Plaintiff asserts the ALJ misread the record and failed to consider several exams favorable to Plaintiff. (*Id*. at 22, 25.) Plaintiff asserts the ALJ completely ignored the regulatory factors outlined in 20 C.F.R. §§ 404. 1527(c) and 416.927(c) in evaluating Dr. Small's opinion. (*Id*. at 24.) Plaintiff further asserts the ALJ misevaluated Dr. Small's opined physical limitations. (*Id*. at 26.) Plaintiff asserts the ALJ failed to incorporate all of Dr. Small's limitations into his RFC determination and failed to reconcile such discrepancies. (*Id*. at 17-18.) Plaintiff asserts such error was harmful because Dr. Small's opined limitations would preclude the occupations provided by the vocational expert. (*Id*. at 18-19.) For the reasons outlined herein, the ALJ failed to properly assess Dr. Small's opinion because his analysis was internally inconsistent and confusing. However, any error was harmless because the ALJ's RFC determination was ultimately supported by, and consistent with, Dr. Small's opinion.

Here, the ALJ reasoned Dr. Small's "moderate" mental limitations were "somewhat supported by the underlying treatment notes, however mental status notes support a finding of moderate limits at most." (T. 22.) The ALJ then cited evidence in the record of mental status examinations indicating "generally normal, and not disabling, level of mental health functioning." (*Id*.) It is unclear from the ALJ's decision exactly how he assessed Dr. Small's opinion. However, despite affording the opinion "some weight" the ALJ appears to have adopted Dr. Small's mental limitations because the RFC limited Plaintiff to simple, routine tasks with no fast paced production requirements, simple work-related decisions, with few changes, and only occasional interaction with

9

the public. (T. 21.) The ALJ's mental RFC is consistent with Dr. Small's opinion of no more than moderate limitations in mental functioning.

The Second Circuit has repeatedly held that "moderate" limitations do not preclude a plaintiff's ability to perform unskilled work. *See, e.g., McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (no error where ALJ found plaintiff was capable of work despite "moderate difficulties" in social functioning and concentration, persistence or pace); *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (holding that "although there was some conflicting medical evidence, the ALJ's determination that Petitioner could perform her previous unskilled work was well supported" where the reports of treating psychiatrist and consulting doctors indicated the plaintiff was "depressive, without psychotic features other than occasional self-reported hallucination, and that her condition improved with medication" and had nothing "more than moderate limitations in her work-related functioning...."); *Matta v. Astrue*, 508 Fed. Appx. 53, 55 (2d Cir. 2013) (affirming decision where "[t]he ALJ found that plaintiff had moderate difficulties in concentration, persistence and pace and moderate difficulties in social functioning that limit [him] to simple, routine, low-stress, and unskilled tasks, which involve no more than minimal contact with co-workers, supervisors and the general public."); *Whipple v. Astrue*, 479 Fed. Appx 367, 370 (2d Cir. 2012) (holding that consultative examiners' findings that the plaintiff's depression caused moderate limitations in social functioning ultimately supported the ALJ's determination that Plaintiff was capable of performing work that involved simple tasks and allowed for a low-stress environment); see also *Coleman v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 389, 401 (W.D.N.Y. 2018) (RFC limiting plaintiff to simple, routine work fully consistent with moderate limitations in

concentration, persistence, and pace). Therefore, any error in assessing Dr. Small's opinion was harmless because the ALJ's RFC determination was consistent with the doctor's opined "moderate" mental limitations.

Plaintiff asserts any error was not harmless because "moderate" mental limitations are inconsistent with occupations requiring "Reasoning Level 2." (Dkt. No.19, 26-27.) A reasoning level of 2 requires an individual to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." Appendix C, *Dictionary of Occupational Titles*. At the hearing the VE provided occupations an individual could perform given Plaintiff's RFC and vocational factors. (T. 64-65.) The occupations provided by the VE require a reasoning level of 2. DOT 318.687-018, 922.687-054, 915.667-014. Reviewing courts have held that a reasoning level of 2 is not inconsistent with a limitation to unskilled work. *Jones-Reid v. Astrue*, 934 F. Supp. 2d 381, 408 (D. Conn. 2012), *aff'd*, 515 F. App'x 32 (2d Cir. 2013); *see Chaffin v. Colvin*, 999 F. Supp. 2d 468, 474 (W.D.N.Y. 2014) (collecting cases). Therefore, contrary to Plaintiff's assertion, the occupations provided by the VE were not inconsistent with "moderate" mental limitations or the ALJ's mental RFC which encompassed those limitations.

Plaintiff also asserts the ALJ erred in his assessment of Dr. Small's opinion regarding his physical limitations. (Dkt. No. 12 at 26.) Here, the ALJ's physical RFC determination was proper and supported by substantial evidence. The ALJ properly noted Dr. Small's opinion, that Plaintiff was "moderately limited" in the use of his hands, was inconsistent with Plaintiff's testimony he had no problems using his hands and inconstant with the consultative examiner's physical exam and opinion. (T. 22, 219,

649-650, 667.) Further, "moderate" limitations such as those found by Dr. Small and the consultative examiner are consistent with an RFC for light work. *Gurney v. Colvin*, No. 14-CV-688S, 2016 WL 805405, at *3 (W.D.N.Y. Mar. 2, 2016) (collecting cases) (moderate limitations are frequently found to be consistent with an RFC for a full range of light work). The ALJ's physical RFC for light work was supported by substantial evidence in the record, namely the opinions of the consultative examiner and Dr. Small, as well as Plaintiff's testimony regarding his limitations and activities of daily living. (T. 218-219, 650, 667, 728, 738.) Therefore, the ALJ's physical RFC was proper and supported by substantial evidence in the record.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 18) is **GRANTED**; and it is further

**ORDERED** that Defendant's unfavorable determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Date: May 28, 2019

_____
William B. Mitchell Carter
U.S. Magistrate Judge